**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| JANE DOE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MORGAN STATE UNIVERSITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:19-cv-03125-GLR |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**

Plaintiff Jane Doe was sexually assaulted in her dorm room by a fellow Morgan State student-athlete in August 2017. After Doe reported the assault to Morgan State's administrators, the University refused to implement or enforce safety measures that would have enabled her to participate in classes and other activities on campus free of harassment, allowed its employees to demean and belittle her and her requests for help, and flouted its own rules (including the suspension it imposed on the offender after he admitted to sexually assaulting Doe during his disciplinary hearing) to enable him to compete for Morgan State and continue his education at the University uninterrupted, to Plaintiff's detriment.

Plaintiff brings this suit to seek redress for Morgan State's actions and omissions that created a hostile educational environment and disrupted her education because of her sex. Plaintiff fears, however, that public disclosure of her identity in this litigation will result in retaliatory harassment or mental harm, and therefore respectfully requests that the Court grant this motion and allow her and her mother, who is referenced in the Complaint, to proceed pseudonymously.

## ARGUMENT

In a matter of a highly personal and sensitive nature—such as a case involving sexual assault—the Court may exercise its discretion to allow a plaintiff to proceed under a pseudonym to protect her right to privacy. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *EEOC v. Spoa, LLC*, 2013 U.S. Dist. LEXIS 148145, at *12 (D. Md. Oct. 15, 2013) (allegations of sexual harassment and attempted rape warranted protection of plaintiff and witness's identities). Indeed, survivors of sexual assault have been recognized as "a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). To determine whether to grant Plaintiff leave to proceed anonymously in this action, the Court should consider the following five factors:

> [1] whether the justification asserted by the requesting party . . . is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or . . . to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238. As applied to the circumstances of this case, each of these factors weighs in favor of Plaintiff's request to proceed pseudonymously.

**A.  Plaintiff Seeks to Preserve Her Privacy in a Matter Involving an Attempted Rape.**

Without question, Plaintiff's sexual assault is a sensitive and highly personal subject that merits measures to protect her identity. *See, e.g.*, *Spoa*, 2013 U.S. Dist. LEXIS 148145, at *12 (recognizing sexual assault as "highly sensitive and personal matter" for victims in employment discrimination case); *Roe v. Wayne Cty. Bd. of Educ.*, 2017 U.S. Dist. LEXIS 35979, at *2 (S.D. W. Va. Mar. 14, 2017) (same). The sensitive and highly personal impact of an attempted

2

rape on a survivor cannot be gainsaid; "[s]hort of homicide, [rape] is the 'ultimate violation of self'" and a grave insult to the victim's "personal integrity and autonomy." *Coker v. Georgia*, 433 U.S. 584, 597–98 (1977) (plurality opinion).  Sexual assault further "constitutes an intrusion upon areas of the victim's life, both physical and psychosocial, to which our society attaches the deepest sense of privacy." *United States ex rel. Latimore v. Sielaff*, 561 F.2d 691, 694 (7th Cir. 1977); *see also Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (noting that sexual assault claims are "routinely" deemed highly private because they "involve the disclosure of intimate details of sexual conduct").

Plaintiff's sexual assault is a sensitive and highly personal matter for her.  Plaintiff experienced a physical assault during which her attacker stripped her naked from the waist down, touched her body without her consent, and showed her his erect penis.  This case will require her to disclose the intimate details of that assault and the sensitive and highly personal ways in which that experience, along with Morgan State's clearly unreasonable response, has impacted her quality of life and her mental health.  Failing to protect Plaintiff's identity will expose details of her life that she has heretofore kept private from the general public.  The threat to Plaintiff's confidentiality and dignity is especially severe given recent media scrutiny of campus sexual assaults and the advent of easy public access to court records online.  *See Doe v. Colgate Univ.*, 2016 U.S. Dist. LEXIS 48787, at *6 (N.D.N.Y. Apr. 12, 2016) (discussing media attention); *Cabrera*, 307 F.R.D. at 6–7 (describing risks associated with making rape survivor's "name indefinitely available to the public" online).

**B.     Compelling Plaintiff to Reveal Her Identity Poses a Risk of Retaliatory Physical or Mental Harm to Her and Her Family Members.**

Exposing Plaintiff's identity in the public record poses a significant risk of emotional harm to her.  Courts recognize that it is re-victimizing and psychologically harmful for a victim

to have her identity or other personal information revealed when she wants it to remain private. *See, e.g.*, *Spoa*, 2013 U.S. Dist. LEXIS 148145, at *12–13 (finding sexual assault victim demonstrated "needless risk of mental harm" because "she may face psychological harm from having this sensitive experience made permanently available to anyone with Internet access"); *Latimore*, 561 F.2d at 694–95 ("The ordeal of describing an unwanted sexual encounter before persons with no more than a prurient interest in it aggravates the original injury.").

Such is the case for Plaintiff. Plaintiff experienced an attempted rape and further trauma as a result of Morgan State's response to her assault. She attempted to keep the assault private, disclosing the full extent of what had occurred only to close friends and family members. She only shared the details of the sexual assault with non-intimates in the confidential setting of Morgan State's disciplinary process. Should Plaintiff's name appear on this docket and in court filings, she will be exposed to the possibility of re-victimization, harassment, retaliatory physical or mental harm, and lasting public notoriety for a traumatic incident that happened relatively early in her life. Plaintiff's mother similarly seeks to use a pseudonym to protect Plaintiff's identity and that of Plaintiff's younger brother, as exposing the identity of Plaintiff's mother would inevitably expose the identities of both Plaintiff and her younger brother, who is a minor.

C.      **Plaintiff Was Barely Out of Her Teens at the Time of the Assault.**

This Court should also shield Plaintiff's identity because of her youth. Plaintiff was only 20 years old on the date of the assault. In sexual assault cases, protection is warranted for very young adults, notwithstanding that they have reached the age of majority. *See Doe v. Va. Polytechnic Inst. & State Univ.*, 2018 U.S. Dist. LEXIS 192932, at *9 (W.D. Va. Nov. 23, 2018) (concluding third *James* factor weighed in favor of anonymity because college-aged victim and assailant "may still possess the immaturity of adolescence") (quoting *Yacovelli v. Moeser*, 2004

4

U.S. Dist. LEXIS 9152, at *24 (M.D.N.C. May 20, 2014)); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 594 (E.D. Va. 2016) (upholding grant of pseudonyms in case where assailant and victim "are legally adults, but the events in issue occurred when they were just barely so").

**D.   Morgan State is a Governmental Party and Thus Less Subject to Reputational Harms.**

Where—as in this case—a plaintiff is "pursuing a claim against the government rather than a private individual," "[c]ourts are more likely to permit plaintiffs to proceed under a pseudonym." *Int'l Refugee Assistance Project v. Trump*, 2017 U.S. Dist. LEXIS 29058, at *8–9 (D. Md. Mar. 1, 2017). "The rationale for this convention is that although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiff[], the government is not vulnerable to similar reputational harm . . . ." *Id.* at *9. In this case, Defendant is an instrumentality of the State of Maryland. Md. Code Ann., Educ. § 14-101(a)(2). Thus, as a state actor, Morgan State is "not vulnerable" to the risk of reputational harm that animates the fourth *James* factor. *See Int'l Refugee*, 2017 U.S. Dist. LEXIS 29058, at *9.

**E.   There Is No Risk of Unfairness to Morgan State from Allowing the Use of Pseudonyms in This Action.**

Allowing Plaintiff to proceed pseudonymously in this matter will not prejudice Morgan State in any way. Morgan State knows Plaintiff's identity, the identity of her mother, and the identity of the assailant. Thus, permitting Plaintiff to proceed under a pseudonym will not inhibit Morgan State's ability to engage in discovery or defend the case. *See Spoa*, 2013 U.S. Dist. LEXIS 148145, at *16 (no prejudice to defendant where defendant knew sexual assault victims' real names).

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that she be allowed to proceed pseudonymously and this Court enter an Order that (i) permits her and her mother to proceed with the use of pseudonyms; (ii) bars the parties from publicly filing information containing the names of either Plaintiff or her mother or their personally identifiable information; and (iii) grants Plaintiff any other relief necessary to allow her and her mother to proceed under pseudonyms.

Dated: October 28, 2019                                   Respectfully submitted,


                                                  */s/ Linda M. Correia*
                                                  Linda M. Correia (Bar No. 14560)
                                                  Lauren A. Khouri (Bar No. 19549)
                                                  CORREIA & PUTH, PLLC
                                                  1400 16th Street, NW, Suite 450
                                                  Washington, DC 20036
                                                  (202) 602-6500 (tel)
                                                  (202) 602-6501 (fax)
                                                  lcorreia@correiaputh.com
                                                  lkhouri@correiaputh.com

                                                  *Counsel for Plaintiff Jane Doe*